DECISION
Defendant has requested that the court dismiss Plaintiff's value appeal for the 2007-08 tax year because Plaintiff did not petition the county board of property tax appeals (board) before filing his Complaint with this court. The court held a hearing on February 22, 2008, to address the dismissal request. Plaintiff appeared and testified on his own behalf. Defendant was represented by Dennis Wardwell (Wardwell) and Ron Patton; only Wardwell testified.
 I. STATEMENT OF FACTS
Plaintiff appealed Defendant's significant increase in the value of a home he bought in North Portland in August 2006 for $257,000. After the purchase, Plaintiff testified that he spent approximately $100,000 remodeling the home, including the conversion of attic space to a bedroom; the addition of a bathroom adjoining that bedroom; a kitchen remodel that included granite counters, new cabinets, and tile work; new interior and exterior paint; refinished hardwood floors; and new landscaping. Plaintiff did most, if not all, of the remodel work himself, and the $100,000 reported cost excludes the value of Plaintiff's labor. Plaintiff testified that he did a "really nice job on the house" and characterized the home after the remodel as "a gem," although perhaps too nice a home for the area. Plaintiff estimates that the value of the home after the remodel is approximately $340,000. *Page 2 
The real market value (RMV) of the home on the 2007-08 assessment and tax rolls is $391,080, with $271,580 allocated to the structure and $119,500 to the land. The RMV on the rolls for the prior year was $238,990. Defendant determined that Plaintiff's remodel increased the market value of the home by $116,440 and added that amount to the RMV of the structure. A percentage of that amount was added to the maximum assessed value and assessed value as provided in ORS 308.146(3)(a).[1]
Plaintiff is unhappy with the value of his home (and particularly with the resulting increase in taxes). Plaintiff did not file a petition with the board. Plaintiff was out of the country from late October through mid-November 2007 and did not get around to contacting the county assessor's office about the increase in his taxes until after the December 31, 2007, board deadline provided in ORS 309.100(2). That call was made on or about January 10, 2008. Plaintiff subsequently mailed a completed Complaint to the Magistrate Division of the Oregon Tax Court on January 14, 2008. That Complaint was filed January 15, 2008.
 II. ANALYSIS
A taxpayer unhappy with the value of his home can file a petition for a reduction in value with the county board. ORS 309.026. The deadline for such petitions is December 31 "following the date the tax statements are mailed for the current tax year." ORS 309.100(2). In this case, that deadline was December 31, 2007. Plaintiff missed that deadline and subsequently appealed directly to this court.
An appeal to the tax court is typically from an order of the board. ORS 305.275(1)(a)(B), (3). Without such an order, the court would generally lack jurisdiction to consider the appeal. However, ORS 305.288
establishes two circumstances under which the tax court can reduce the *Page 3 
value of a taxpayer's property, notwithstanding the taxpayer's failure to properly proceed by first petitioning the board and then timely appealing that order to this court. The first is where the taxpayer alleges and ultimately establishes an error in value of at least 20 percent. ORS 305.288(1)(b). The second is where the taxpayer demonstrates to the court that he failed to appeal to the board due to "good and sufficient cause," defined in ORS 305.288(5)(b)(A) as an "extraordinary circumstance" beyond the taxpayer's control.
Plaintiff has not alleged the minimum 20 percent error in the value of his property. The RMV on the rolls is $391,080; Plaintiff testified that he felt the property was actually worth only about $340,000. The difference is $51,080, equating to an alleged error in value of approximately 13 percent.
Turning to the "good and sufficient cause" standard, Plaintiff testified that he was unaware that there was a deadline for petitioning the board. By the time Plaintiff contacted the assessor's office, it was too late to petition the board, and Plaintiff was directed to the Tax Court. Plaintiff's appeal to this court was filed January 15, 2008. ORS305.288(5)(b)(B) excludes "inadvertence, oversight, [and] lack of knowledge" from the definition of "good and sufficient cause." Accordingly, Plaintiff has not established good and sufficient cause for his failure to appeal to the board.
 III. CONCLUSION
The court concludes that Defendant's request for dismissal should be granted because Plaintiff did not petition the board before appealing to this court, and Plaintiff has neither alleged a 20 percent error in value, nor establish good and sufficient cause for his failure to petition the board before coming to the court. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Defendant's request for dismissal is granted because Plaintiff failed to satisfy the requirements of ORS 305.288.
Dated this ___ day of February 2008
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailingto: 1163 State Street,Salem, OR 97301-2563; or by hand deliveryto: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 29,2008. The Court filed and entered this document on February 29,2008.
[1] References to the Oregon Revised Statutes (ORS) are to 2005 when addressing Plaintiff's right to file a petition with the board, and to 2007 concerning the court's authority to act on Plaintiff's 2008 appeal to this court. *Page 1